# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RICKY JOHNSON,**
**Claimant Below, Petitioner**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-250**        (JCN: 2015034120)

**PINNACLE MINING COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ricky Johnson appeals the May 22, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Pinnacle Mining Company, ("Pinnacle") filed a timely response.[1] Mr. Johnson did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied Mr. Johnson's application for permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 7, 2018, Mr. Johnson signed his Application for Permanent Total Disability Benefits and submitted a summary of permanent partial disability awards, totaling 95%. Mr. Johnson received multiple PPD awards in separate claims including: 14% for a right hand injury with reduced range of motion of the right hand, dysesthetic sensation, and loss of grip strength in JCN 990058065; 10% for a right shoulder injury in JCN 990068758; 12% for injuries to his right and left wrist in JCN 2001017278; 1% for a scar on his nose in JCN 2004050295; 4% for a right ankle injury in JCN 2008013837; 13% for chronic lumbosacral spine sprain/strain syndrome with aggravation of degenerative disease and was L5-S1 motor radiculopathy on the right in JCN 2007037222; 10% for occupational pneumoconiosis ("OP") in JCN 2009078908; 18% for a left tibia fracture and related

---

[1] Mr. Johnson is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Pinnacle is represented by T. Jonathan Cook, Esq.

hindfoot impairment, 7% for the left ankle, 2% for the right wrist, and 4% for psychiatric impairment for a total of 31% in claim number 3015154693.[2]

Mr. Johnson was evaluated by David Soulsby, M.D., on May 21, 2019. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Soulsby concluded that Mr. Johnson had 5% right shoulder impairment, 17% right hand and wrist impairment from both carpal tunnel syndrome and crush injury, 2% for left carpal tunnel syndrome, 8% for the lumbar spine, 1% for the right ankle, and 9% for the left ankle. Under the combined values chart on page 322 of the *Guides*, Dr. Soulsby found a total of 36% whole person impairment ("WPI"). Dr. Soulsby noted that Mr. Johnson had previously received a 10% award for OP and 4% for psychiatric impairment, which combined for a total of 14% WPI. Dr. Soulsby combined the 36% with 14%, using the combined values chart, for a total of 45% WPI related to all compensable injuries.

On May 16, 2022, the Permanent Total Disability Review Board ("PTDRB") issued its initial recommendations. Relying on Dr. Soulsby's evaluation, the PTDRB found that Mr. Johnson had a total of 45% whole person impairment from all of his compensable injuries and diseases. Accordingly, the PTDRB found Mr. Johnson did not suffer from a medical impairment of at least 50% whole body impairment and has not sustained a 35% or greater statutory disability. Thus, the PTDRB found that Mr. Johnson had failed to meet the required level of whole-body medical impairment necessary for further consideration of his eligibility for a PTD award and the application for permanent total disability should be denied. In its final recommendations dated September 12, 2022, the PTDRB upheld its initial recommendation of May 16, 2022, determining that Dr. Soulsby's report dated May 21, 2019, was the most current and accurate assessment of Mr. Johnson's whole body medical impairment from his orthopedic occupational injuries. Thus, the PTDRB recommended that Mr. Johnson's application for PTD be denied. On February 8, 2023, the claim administrator issued an order rejecting Mr. Johnson's application for PTD benefits based on the PTDRB's recommendation.

Bruce Guberman, M.D., issued a report dated March 10, 2023, evaluating Mr. Johnson. Using the *Guides*, Dr. Guberman found that Mr. Johnson had 5% WPI for his decreased range of motion his right shoulder, 8% WPI for his cervical injuries, 8% WPI for his two lumbar spine injuries, 4% WPI for his right ankle injury, 14% WPI for the left ankle, 10% WPI for occupational pneumoconiosis, and 4% WPI for the psychological aspect of the left tibia fracture. These impairments were combined for a total of 50% WPI.

---

[2] The Board disregarded two alleged PPD awards reported by Mr. Johnson: a 12% award for carpal tunnel syndrome in JCN 2001017278; and 10% for a right shoulder injury in JCN 990068758. The Board found that the orders granting those awards were not submitted into the record. The Board noted that without considering those awards, Mr. Johnson has been granted a total of 73% in PPD awards.

Dr. Guberman noted that Mr. Johnson underwent surgery for his right shoulder, but he was unaware of the type of surgery that was required.

On May 22, 2024, the Board affirmed the claim administrator's order, which rejected Mr. Johnson's application for PTD benefits. The Board found that Mr. Johnson failed to establish that he had 50% or more WPI related to his compensable injuries. Mr. Johnson now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Johnson argues that the preponderance of the evidence establishes that he has sustained 50% or more whole person impairment, thus satisfying the threshold of whole-body medical impairment necessary to qualify for a PTD award. Mr. Johnson focuses on the total of PPD he has received in his many claims over the years (at a minimum, 64%) and asserts that it is against reason that he does not meet the 50% whole person impairment threshold. Mr. Johnson further argues that the Board disregarded the evidence of record and ignored the fact that Dr. Soulsby's report conflicts with the PPD awards that were granted in this case, which equal 95% in total. We disagree.

West Virginia Code § 23-4-6(n)(1) (2005) provides:

> in order to be eligible to apply for an award of permanent total disability benefits for all injuries incurred and all diseases, including occupational pneumoconiosis, regardless of the date of last exposure . . . . a claimant: (A)

3

Must have been awarded the sum of fifty percent in prior permanent partial disability awards; (B) must have suffered a single occupational injury or disease which results in a finding by the commission that the claimant has suffered a medical impairment of fifty percent; or (C) has sustained a thirty-five percent statutory disability pursuant to the provisions of subdivision (f) of this section. Upon filing an application, the claim will be reevaluated by the examining board . . . . to determine if the claimant has suffered a whole-body medical impairment of fifty percent or more resulting from either a single occupational injury or occupational disease or a combination of occupational injuries and occupational diseases.

Here, the Board determined that there is no reliable medical opinion on record establishing that Mr. Johnson has sustained WPI of 50% or more from his compensable injuries as required by West Virginia Code § 23-4-6(n)(1). The Board found that Dr. Guberman's report was not reliable because he was the only evaluator to include a rating for the cervical spine, his range of motion deficit findings were an outlier, and he was unaware of the type of right shoulder surgery undergone by Mr. Jonhson. Ultimately, the Board found that Mr. Johnson failed to establish that he was entitled to PTD benefits.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Johnson failed to establish with medical evidence that he has 50% or more impairment related to his compensable injuries. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying Mr. Johnson's application for PTD benefits.

Accordingly, we affirm the Board's May 22, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear